**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **RAUL OLIVAS,** *Plaintiff,* | § § § | |
| **v.** | § | **Civil Action No. 1:25-cv-00836-ADA-SH** |
| **AMERICAN ECONOMY INSURANCE COMPANY,** *Defendant.* | § § § § § | |

**DEFENDANT AMERICAN ECONOMY**
**INSURANCE COMPANY'S FIRST AMENDED ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, American Economy Insurance Company ("AEIC"), and files this First Amended Answer and would respectfully show the Court the following:

## I. PARTIES, VENUE, AND DISCOVERY LEVEL

1. Defendant admits the allegations contained within Paragraph 1 of Plaintiff's Original Petition.

2. Defendant admits the allegations contained within Paragraph 2 of Plaintiff's Original Petition.

3. Defendant admits the allegations contained within Paragraph 3 of Plaintiff's Original Petition.

4. Defendant admits the allegations contained within Paragraph 4 of Plaintiff's Original Petition.

5. Defendant admits that venue is proper in this Court and that this Court has jurisdiction over the Defendant.

6. Defendant is not required to admit or deny the assertions in Paragraph 6 of

Plaintiff's Original Petition, as it merely states that Plaintiff intends to conduct discovery at Level 2, pursuant to Rule 190.3 of the Texas Rule of Civil Procedure.

7. Defendant admits that venue is proper in this Court and that this Court has jurisdiction over the Defendant.

## II. AGENCY AND RESPONDEAT SUPERIOR

8. Defendant denies all allegations contained within Paragraph 8 of Plaintiff's Original Petition. Defendant is not required to admit or deny any legal standard quoted by Plaintiff in Paragraph 8 of Plaintiff's Original Petition.

## III. FACTS OF THE CASE

9. Defendant admits that it issued Policy No. OY8090556 (hereinafter referred to as the "Policy") to Plaintiff to insure the property located at 189 S. Waterbuck Way, Lampasas, Texas 76550 (hereinafter referred to as the "Property') for the period of June 12, 2023 to June 12, 2024. Defendant further admits that Plaintiff reported to Defendant an alleged loss on or about April 15, 2024, following an alleged storm on April 9, 2024. Defendant admits it assigned this report claim number 056595896 (hereinafter referred to as the "Claim"). Defendant denies any remaining allegations contained within Paragraph 9 of Plaintiff's Original Petition.

10. Defendant admits that Chris Rupke performed an inspection on the Property on April 22, 2024, and subsequently provided an estimate as a result of that inspection. Defendant denies all remaining allegations contained within Paragraph 10 of Plaintiff's Original Petition.

11. Defendant admits that Plaintiff hired King Adjusting Services, LLC as his public adjuster and that King Adjusting prepared an estimate that was approximately $197.312.38 for Replacement Cost Value. Defendant denies all remaining allegations contained within Paragraph 11 of Plaintiff's Original Petition and further denies Plaintiff is entitled to this amount.

12. Defendant admits that it received a letter of representation, a sworn statement proof of loss, along with an estimate and photo sheet, and other documents from King Adjusting on or about July 22, 2024. Defendant further admits it conducted a reinspection of the Property on August 22, 2024, and provided a revised estimate of a Replacement Cost Value of $18,122.17. Defendant denies all remaining allegations contained within Paragraph 12 of Plaintiff's Original Petition.

13. Defendant admits that King Adjusting provided a report from ITEL, an aggregator of building supply availability. Defendant further admits it sent letter correspondence dated October 2, 2024, explaining payment breakdown based on the reinspection estimate totaling $24,633.29. Defendant denies all remaining allegations contained within Paragraph 13 of Plaintiff's Original Petition.

14. Defendant admits Plaintiff hired legal counsel to bring this suit. Defendant denies all remaining allegations contained within Paragraph 14 of Plaintiff's Original Petition.

## IV. FIRST CAUSES OF ACTION

### BREACH OF CONTRACT

15. Defendant denies all allegations contained within Paragraph 15 of Plaintiff's Original Petition.

16. Defendant admits that the Policy is a valid, binding contract between Plaintiff and Defendant.

17. Defendant denies all allegations contained within Paragraph 17 of Plaintiff's Original Petition.

18. Defendant denies all allegations contained within Paragraph 18 of Plaintiff's Original Petition.

19. Defendant denies all allegations contained within Paragraph 19 of Plaintiff's Original Petition.

**SECOND CAUSE OF ACTION**

**Violation of Texas Insurance Code § 541.051(1)(A)**

20. Defendant denies all allegations contained within Paragraph 20 of Plaintiff's Original Petition.

21. Defendant denies all allegations contained within Paragraph 21 of Plaintiff's Original Petition, including all subsections (a)-(d).

22. Defendant denies all allegations contained within Paragraph 22 of Plaintiff's Original Petition. Defendant denies Plaintiff is entitled to damages.

**THIRD CAUSE OF ACTION**

**Violation of Texas Insurance Code § 541.051(1)(B)**

23. Defendant denies all allegations contained within Paragraph 23 of Plaintiff's Original Petition.

24. Defendant denies all allegations contained within Paragraph 24 of Plaintiff's Original Petition, including all subsections (a)-(e).

25. Defendant denies all allegations contained within Paragraph 25 of Plaintiff's Original Petition. Defendant denies Plaintiff is entitled to damages.

**FOURTH CAUSE OF ACTION**

**Violation of Texas Insurance Code § 541.060(a)(1)**

26. Defendant denies all allegations contained within Paragraph 26 of Plaintiff's Original Petition.

27. Defendant denies all allegations contained within Paragraph 27 of Plaintiff's

Original Petition.

28. Defendant denies all allegations contained within Paragraph 28 of Plaintiff's Original Petition.

29. Defendant denies all allegations contained within Paragraph 29 of Plaintiff's Original Petition.

30. Defendant denies all allegations contained within Paragraph 30 of Plaintiff's Original Petition.

31. Defendant denies all allegations contained within Paragraph 31 of Plaintiff's Original Petition.

32. Defendant. denies all allegations contained within Paragraph 32 of Plaintiff's Original Petition.

## FIFTH CAUSE OF ACTION

### Violation of Texas Insurance Code § 541.060(a)(2)(A)

33. Defendant denies all allegations contained within Paragraph 33 of Plaintiff's Original Petition.

34. Defendant denies all allegations contained within Paragraph 34 of Plaintiff's Original Petition.

35. Defendant denies all allegations contained within Paragraph 35 of Plaintiff's Original Petition.

36. Defendant denies all allegations contained within Paragraph 36 of Plaintiff's Original Petition. Defendant denies Plaintiff is entitled to damages.

## SIXTH CAUSE OF ACTION

### Violation of Texas Insurance Code § 541.060(a)(3)

37. Defendant denies all allegations contained within Paragraph 37 of Plaintiff's Original Petition.

38. Defendant denies all allegations contained within Paragraph 38 of Plaintiff's Original Petition, including all subsections (a)-(e).

39. Defendant denies all allegations contained within Paragraph 39 of Plaintiff's Original Petition. Defendant denies Plaintiff is entitled to damages.

## SEVENTH CAUSE OF ACTION

### Violation of Texas Insurance Code § 541.060(a)(7)

40. Defendant denies all allegations contained within Paragraph 40 of Plaintiff's Original Petition.

41. Defendant denies all allegations contained within Paragraph 41 of Plaintiff's Original Petition, including all subsections (a)-(f).

42. Defendant denies all allegations contained within Paragraph 42 of Plaintiff's Original Petition. Defendant denies Plaintiff is entitled to damages.

## EIGHTH CAUSE OF ACTION

### Violation of Texas Insurance Code § 541.061

43. Defendant denies all allegations contained within Paragraph 43 of Plaintiff's Original Petition.

44. Defendant denies all allegations contained within Paragraph 44 of Plaintiff's Original Petition.

45. Defendant denies all allegations contained within Paragraph 45 of Plaintiff's

Original Petition. Defendant denies Plaintiff is entitled to damages.

## <u>NINTH CAUSE OF ACTION</u>

### Violation of Texas Insurance Code § 542.056

46. Defendant denies all allegations contained within Paragraph 46 of Plaintiff's Original Petition.

47. Defendant denies all allegations contained within Paragraph 47 of Plaintiff's Original Petition.

48. Defendant denies all allegations contained within Paragraph 48 of Plaintiff's Original Petition, including all subsections (a)-(e).

49. Defendant denies all allegations contained within Paragraph 49 of Plaintiff's Original Petition.

50. Defendant denies all allegations contained within Paragraph 50 of Plaintiff's Original Petition. Defendant denies Plaintiff is entitled to damages.

## <u>TENTH CAUSE OF ACTION</u>

### Violation of Texas Insurance Code § 542.058

51. Defendant denies all allegations contained within Paragraph 51 of Plaintiff's Original Petition.

52. Defendant denies all allegations contained within Paragraph 52 of Plaintiff's Original Petition.

53. Defendant denies all allegations contained within Paragraph 53 of Plaintiff's Original Petition. Defendant further denies Plaintiff is entitled to damages. Defendant is not required to admit nor deny the recitation of legal standards.

## ELEVENTH CAUSE OF ACTION

**Violation of Texas Bus. & Comm. Code § 17.46(b)(5)**

54. Defendant denies all allegations contained within Paragraph 54 of Plaintiff's Original Petition.

55. Defendant admits Plaintiff is a "consumer."

56. Defendant denies all allegations contained within Paragraph 56 of Plaintiff's Original Petition.

57. Defendant denies all allegations contained within Paragraph 57 of Plaintiff's Original Petition.

58. Defendant denies all allegations contained within Paragraph 58 of Plaintiff's Original Petition.

## TWELFTH CAUSE OF ACTION

**Violation of Texas Bus. & Comm. Code § 17.46(7)**

59. Defendant denies all allegations contained within Paragraph 59 of Plaintiff's Original Petition.

60. Defendant admits Plaintiff is a "consumer."

61. Defendant denies all allegations contained within Paragraph 61 of Plaintiff's Original Petition.

62. Defendant denies all allegations contained within Paragraph 62 of Plaintiff's Original Petition. Defendant denies Plaintiff is entitled to damages.

63. Defendant denies all allegations contained within Paragraph 63 of Plaintiff's Original Petition. Defendant denies Plaintiff is entitled to damages.

## THIRTEENTH CAUSE OF ACTION

**Violation of Texas Bus. & Comm. Code § 17.46(b)(12)**

64. Defendant denies all allegations contained within Paragraph 64 of Plaintiff's Original Petition.

65. Defendant admits Plaintiff is a "consumer."

66. Defendant denies all allegations contained within Paragraph 66 of Plaintiff's Original Petition.

67. Defendant denies all allegations contained within Paragraph 67 of Plaintiff's Original Petition.

68. Defendant denies all allegations contained within Paragraph 68 of Plaintiff's Original Petition. Defendant denies Plaintiff is entitled to damages.

69. Defendant denies all allegations contained within Paragraph 69 of Plaintiff's Original Petition. Defendant denies Plaintiff is entitled to damages.

## FOURTEENTH CAUSE OF ACTION

**Violation of Texas Bus. & Comm. Code § 17.46(20)**

70. Defendant denies all allegations contained within Paragraph 70 of Plaintiff's Original Petition.

71. Defendant admits Plaintiff is a "consumer."

72. Defendant denies all allegations contained within Paragraph 72 of Plaintiff's Original Petition.

73. Defendant denies all allegations contained within Paragraph 73 of Plaintiff's Original Petition, including subsection (a).

74. Defendant denies all allegations contained within Paragraph 74 of Plaintiff's

Original Petition.

75. Defendant denies all allegations contained within Paragraph 75 of Plaintiff's Original Petition. Defendant denies Plaintiff is entitled to damages.

76. Defendant denies all allegations contained within Paragraph 76 of Plaintiff's Original Petition. Defendant denies Plaintiff is entitled to damages.

## FIFTEENTH CAUSE OF ACTION

### Violation of Texas Bus. & Comm. Code § 17.50(a)(2)

77. Defendant denies all allegations contained within Paragraph 77 of Plaintiff's Original Petition.

78. Defendant admits Plaintiff is a "consumer."

79. Defendant denies all allegations contained within Paragraph 79 of Plaintiff's Original Petition.

80. Defendant denies all allegations contained within Paragraph 80 of Plaintiff's Original Petition, including subsection (a).

81. Defendant denies all allegations contained within Paragraph 81 of Plaintiff's Original Petition.

82. Defendant denies all allegations contained within Paragraph 82 of Plaintiff's Original Petition. Defendant denies Plaintiff is entitled to damages.

83. Defendant denies all allegations contained within Paragraph 83 of Plaintiff's Original Petition. Defendant denies Plaintiff is entitled to damages.

## SIXTEENTH CAUSE OF ACTION

**Breach of Covenant of Good Faith and Fair Dealing**

84. Defendant denies all allegations contained within Paragraph 84 of Plaintiff's Original Petition.

85. Defendant denies all allegations contained within Paragraph 85 of Plaintiff's Original Petition.

86. Defendant denies all allegations contained within Paragraph 86 of Plaintiff's Original Petition. Defendant denies Plaintiff is entitled to damages.

## V. REQUEST FOR RELIEF

87. Defendant denies all allegations contained within the unnumbered Paragraph under Section V "Request for Relief," including all subsections 1 through 6. Defendant denies that Plaintiff is entitled to any of the alleged damages.

## VI. DEFENDANT'S AFFIRMATIVE DEFENSES

**A. Failure of Conditions Precedent**

88. Defendant fully incorporates the Policy herein by reference. Plaintiff failed to comply with one or more provisions of the Policy that serve as a condition precedent to recovery. These failures include, but are not limited to, the following: (1) Showing a loss within the coverage of the Policy beyond what has been paid.

89. The Policy expressly provides that there can be no action against Defendant unless there has been full compliance with the terms and conditions of the Policy. Plaintiff is therefore contractually precluded from bringing this action against Defendant.

**B. Bona Fide Dispute**

90. Defendant affirmatively answers that, after reasonable investigation regarding the

alleged damage to Plaintiff's property, there is a bona fide dispute as to the extent of the damage in this case. Because there is a bona fide dispute, Defendant acted reasonably in declining to pay the claim that made the basis of this lawsuit. As a matter of law, Plaintiff's claim for alleged violations of the Texas Insurance Code is barred because of the bona fide dispute as to the extent of damages in this case.

**C. Limitations on Damages, Occurrence Limits, and Deductible**

91. Defendant's liability, if any, for damages in this case are limited by the various provisions of the relevant Policy. These include the limitations of liability provided for on the Declarations Pages of the Policy, as well as the deductible applicable to the alleged loss, which is also included on the Declarations Page.

**D. Exclusions and Limitations to Coverage**

92. The relevant Policy issued by Defendant to Plaintiff, includes the following pertinent exclusions and limitations to coverage:

SPECIAL PROVISIONS — TEXAS
POLICY DEFINITIONS

. . .

The following are added:

> "Marring" means any disfigurement, blemish, discoloration, weathering or stretching, or the like, of or to covered property, including, but not limited to, scratching, chipping, scorching, denting, creasing, fading, staining, tearing, oxidizing, blistering, or thinning, whether occurring:
>
> (1) over time; or
>
> (2) from a one time event that does not materially change the functionality of the covered property immediately or over time.

SECTION 1—PROPERTY COVERAGES

BUILDING PROPERTY LOSSES WE DO NOT COVER

The following are added:

17. Pre-existing Damage, meaning any damage that occurred prior to the policy inception, including damage arising out of workmanship, repairs and/or lack of repairs from damage that occurred prior to policy inception. This exclusion applies regardless of whether such damage was apparent at the time of the inception of the policy.

SECTION I — PROPERTY CONDITIONS

Under 1. Deductible, the following is added:

> The Windstorm and Hail deductible shown in your Policy Declarations shall apply in the event of direct physical loss to property covered under this policy caused by windstorm or hail. No other deductible provision in the policy shall apply to direct physical loss caused by windstorm or hail.

. . .

Item 5.d.(1) is deleted and replaced by the following:

> (1) wear and tear, marring, scratching, or deterioration;

* * *

SAFECO BROAD FORM HOMEOWNERS POLICY

INSURING AGREEMENT

In reliance on the information you have given us, we will pay claims and provide coverage as described in this policy if you pay your premiums when due, comply with all applicable provisions outlined in this policy, and inform us of any change in title, use, or occupancy of the residence premises. This policy applies only to losses occurring during the policy period.

POLICY DEFINITIONS

3. In addition, certain words and phrases are defined as follows:

. . .

> p. "Roof Surfacing" means shingles or tiles, cladding, metal or synthetic sheeting, or similar materials covering the roof and roof flashing. This includes all materials and labor used in securing the roof surface and all materials applied to or under the roof surface for moisture protection.

SECTION I—PROPERTY COVERAGES

. . .

BUILDING PROPERTY LOSSES WE COVER

We cover accidental direct physical loss to property described in Building Property We Cover caused by a peril listed below, except as limited or excluded.

2. Windstorm or hail.

> This peril does not include loss to the interior of the building or property contained in a building caused by rain, snow, sleet, sand, or dust unless the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand, or dust enters through this opening.

BUILDING PROPERTY LOSSES WE DO NOT COVER

We do not cover loss caused directly or indirectly by any of the following excluded perils. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

11. Planning, Construction or Maintenance, meaning faulty, inadequate, or defective:

> a. planning, zoning, development, surveying, siting;
>
> b. design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
>
> c. materials used in repair, construction, renovation, or remodeling; or
>
> d. maintenance;
>
> of property whether on or off the insured location by any person or organization. However, any ensuing loss not excluded is covered.

SECTION I—PROPERTY CONDITIONS

5. Loss Settlement. Covered property losses are settled as follows:

> . . .
>
> d. We will not pay for the cost to replace and/or match any undamaged siding, roof surfacing, and/or windows due to any mismatch between the existing undamaged siding, roof surfacing, and/or windows on a covered dwelling or other structure and any new materials used to repair or replace the damaged siding, roof, and/or windows on a covered dwelling or other structure because of:
>
> > (1) wear and tear, marring, scratching, or deterioration;
> >
> > (2) fading, weathering, oxidizing, or color;
> >
> > (3) texture or dimensional differences;
> >
> > (4) obsolescence or unavailability of materials; or
> >
> > (5) inherent vice, latent defect, mechanical breakdown.
>
> e. We will not pay for any loss in value of property, whether actual or perceived, or any;

> (1) adverse impact on the ownership of, or transfer of ownership, or title of property; or
>
> (2) adverse impact on the acquisition of financing resulting from the covered physical damage to the property.

* * *

COSMETIC LOSS OR DAMAGE EXCLUSION

It is agreed that the policy is amended as follows. All of the changes below apply only to the extent coverage is provided by this endorsement.

SECTION I — PROPERTY COVERAGES

BUILDING PROPERTY LOSSES WE DO NOT COVER

The following is added:

> Cosmetic loss or damage, meaning any loss that alters only the physical appearance of a metal roof surface.
>
> Metal roof means all metal roofing materials on a metal roofing system. Metal roof does not include the coverings of bay or bow windows.
>
> This exclusion does not apply when the roof overlay is a material other than metal.

All other provisions of this policy apply.

* * *

93. Plaintiff's claims for damages under the relevant Policy are excluded by one or more of the above-cited exclusions and/or limitations. The assertion of a specific provision of the relevant Policy in this Amended Answer is not intended to be a waiver or abandonment of any other applicable provision(s) of the relevant Policy. The relevant Policy in its entirety is asserted, and the Policy speaks for itself.

**E. Concurrent Causation**

94. To the extent that Plaintiff alleges damage resulted from both covered and non-covered causes of loss, Plaintiff bears the burden of segregating the damage which resulted from covered causes of loss. *See All Saints Catholic Church v. United Nat'l Ins. Co.*, 257 S.W.3d 800 (Tex. App.—Dallas 2008, no pet.).

**F. Accord and Satisfaction / Payment and Release**

95. The public adjuster retained by Plaintiff to represent his interests in this matter reached a settlement with Defendant and accepted payment from Defendant for that settlement, prior to Plaintiff's filing of this suit. Accordingly, Plaintiff's claims in this suit are barred under the affirmative defenses of accord and satisfaction, and/or payment and release.

WHEREFORE, PREMISES CONSIDERED, Defendant American Economy Insurance Company respectfully prays that, upon final hearing thereof, Plaintiff takes nothing by reason of this action, that Defendant be awarded its costs of court, and for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone: (512) 472-7700
Facsimile: (512) 472-0205

By: *<u>/s/ Catherine L. Hanna</u>*
Catherine L. Hanna
State Bar No. 08918280
channa@hannaplaut.com
Alexander P. Sheppard
State Bar No. 24106427
asheppard@hannaplaut.com

**ATTORNEYS FOR DEFENDANT AMERICAN ECONOMY INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2026, a true and correct copy of this document was filed via the Court's ECF system pursuant to LR5.1. The notice of electronic filing generated by the ECF system constitutes service of the document on counsel who are registered users of the system. Any other counsel of record will be served pursuant to FRCP 5(b) on this same date.

John Hilary Barkley
BARKLEY LAW GROUP, INC.
8505 Technology Forest Place, Suite 504
The Woodlands, Texas 77381
*Attorney for Plaintiff*

***Via Email: john@barkleylawgroup.com***

*/s/ Catherine L. Hanna*
Catherine L. Hanna